HASSAM *against* GRIFFIN, Sheriff of *Dutchess* County.

A sheriff who has a defendant in custody on a *ca. sa.*, is bound to obey a *habeas corpus ad testificandum*, according to the exigency of the writ; and if, in doing so, he takes the prisoner out of his county, and returns with him again, without unnecessary delay, it is not an *escape*; and while he so has the prisoner on the *habeas corpus*, he is not bound to keep him always in sight, or with the same strictness as before; and if the prisoner, of his own head, should go about, for a short time, on his own business, and out of view of the sheriff, it is not an escape.

THIS was an action of debt, for the *escape* of *Benjamin Herrick*, who was in the custody of the defendant, as sheriff of *Dutchess* county, on a *ca. sa.* at the suit of the plaintiff. The cause was tried at the *Dutchess* circuit, on the 22d of *April*, 1818, before Mr. Justice *Van Ness*.

The defendant pleaded, 1. *Nil debet*; 2. That the escape was negligent, and that the defendant made fresh pursuit and recaption before suit brought; 3. A voluntary return of *Herrick* into custody before suit brought. To which pleas the plaintiff replied, taking issue. To the general issue, a *notice* was subjoined, according to the statute, that if *H.* had, at any time, escaped, it was without the knowledge or consent of the defendant, and that the said *H.*, after any such escape, and before bringing this suit, returned into the custody of the defendant, and so remained when the suit was commenced; and further, that on, or about the 24th of *May*, 1817, the defendant was served with a *habeas corpus ad testificandum*, duly issued and allowed by the Chief Justice, which required the defendant to have the said *Herrick*, on the 26th of *May*, before *John Wells*, Esq. a referee in the case of *John Brush*, at the suit of *John Smith*, at a reference to be held at the office of *J. W.* in *Pine Street*, in the city of *New-York*, at 10 A. M. of that day, to testify, &c. That the defendant, with the consent of *Brush*, gave him a written deputation to execute the writ of *hab. corp. ad test.*, and make due return, &c. and that he made such return, &c. It appeared, that *Herrick* and *Brush* went to *New-York*, on *Saturday* the 24th of *May*, and appeared before the referee on the *Monday* following; that the reference was adjourned to *Wednesday*, and on *Thursday* they both returned to *Poughkeepsie*, and *H.* went again into the custody of the defendant; that while *Herrick* and *Brush* were in *New-York*, *H.* was seen at several times, at different places, on his own business, unaccompanied by *Brush*; but without *Brush's*

permission, and he considered himself in the charge, and
under the direction of *Brush*

The writ in this cause was delivered to the coroner, on *Wednesday*, the 28th of *May*, between 10 and 11 o'clock in the forenoon.

A verdict was taken for the plaintiff, subject to the opinion of the Court on a case, containing the above facts.

*H.* and *C. Ruggles*, for the plaintiff.(*a*) They cited the following cases : *Bronson* v. *Earl*, 17 *Johns. Rep.* 63. 2 *Wm. Bl.* 1045. 3 *Bl. Comn.* 415. 1 *Bos. & Pull.* 241. 3 *Comyn's Dig.* 601. *Escape, C.* 2 *Bac. Abr. Escape, B.* 2 *Saund.* 35. note. 5 *Johns. Rep.* 357. *Tidd's Pr,* 739. *Sellon's Pr.* 464. 1 *Str.* 433. 3 *Co. Litt.* 43, 44. *Moore,* 257. 5 *Burr.* 2812. 1 *Lord Raym.* 241. *Hard.* 476. *Cro. Car.* 14. 466. *Hob.* 202. 1 *Bos. & Pull.* 24.

*Brush*, contra, cited *Shower's Rep.* 298. 3 *Co. Litt.* 44. *Dalton's Sheriff*, 141.

SPENCER, Ch. J. delivered the opinion of the Court. There is no doubt that after the defendant is taken in execution, if he is seen at large, without the liberties of the gaol, for ever so short a time, as well before as after the return of the writ, it is an escape in the sheriff. The sheriff, however, may protect himself from the consequences by a fresh pursuit and recaption, or by the voluntary return of the prisoner before action brought. The writ of *Habeas Corpus*, in this case, justified the defendant for conveying *Herrick* to *New-York ;* and it is very evident that there was no unnecessary delay in bringing him back to *Poughkeepsie*. There is no weight in the suggestion that the *Habeas Corpus* was taken out collusively ; but if it was, the sheriff was no party to the collusion. He was bound to obey the writ. (5 *Johns. Rep.* 357.) The only point to be decided is, whether permitting *Herrick* to be separated from *Brush*, the special deputy, without any permission on the part of the deputy, was an escape. The original object of the common law in subjecting debtors to close imprisonment on

*a* The reporter did not hear the argument.

execution was, that by duress of imprisonment, they might be coerced to pay their debts. They were to be kept in *arcta et salva custodia.* Under the statute of *Westminster,* 2 *Ch.* II. *Carceri mancipentur in ferris;* they might be kept in irons. Civilization and modern refinement, and a greater spirit of humanity have meliorated the law, and with us, imprisonment is merely nominal. It exists, however, in some degree of rigour, where the unfortunate debtor is unable to give the requisite security for the liberties of the gaol.

But the question recurs, what kind of indulgence to a prisoner, in the sheriff's custody, on a *ca. sa.,* and who is directed to be brought before a court to testify under a *habeas corpus,* will subject the sheriff to an action for an escape? I am satisfied, that the indulgence proved to have taken place in this case, does not constitute an escape.

The earliest case upon this subject is *Boyton's.* (3 *Coke's Rep.* 43.) It was resolved by the Court, that there was a difference between the custody of one in execution, within the county where the common gaol is, and where the sheriff hath the custody of one in execution out of the county; and it was adjudged, that where the sheriff hath one in execution for a debt, and a *habeas corpus* issues to have the body in the *King's Bench,* at a certain day; by force of which writ, the sheriff, before the return of the writ, brings his body to an inn in *Smithfield,* toward *Westminster,* and the prisoner, of his own head, goes without any keeper, to *Southwark,* and the next morning comes again to the sheriff, to *Smithfield,* and at the return of the *habeas corpus,* the sheriff delivers his body in Court, this was no escape; and they referred to *Charnock's* case, (31 *Eliz.*) and observed, that it stood with great reason; for the sheriff may more strongly guard his gaol, than every inn or other place through which he travels. *Bacon* (title *Escape,* B.) mentions this case as law. In the case of *Moredell* v. *the Marshal of the King's Bench,* (1 *Mod.* 116.) which was debt for the escape of one *Reynolds,* the defendant gave in evidence an *habeas corpus ad testificandum,* and it appeared that the prisoner went down too long before hand, and staid too long after the assizes were done at *Wells,* and that he went back three score miles beyond *Wells,* before he returned again to *London.*

*Hale*, Chief Justice, said, that if an *habeas corpus* be granted to bring a person into Court, and the sheriff lets him go into the country, it is an escape; that he ought not to carry him a round about away, for the accommodation of the party; and that if he did, it was an escape; that, by the evidence, the sheriff let him go back three-score miles, to which there could be no answer.

In Trinity Term, 12 *Ch.* I. (*Cro. Car.* 466.) at a meeting of the justices and barons of the exchequer, *Brampton*, Ch. Justice, published, that the prisoners of the King's Bench and Fleet, had petitioned the king, for avoiding the plague, that they who could give sufficient security to be true prisoners, and to return at the days prescribed, might go at large on *habeas corpus* for that time. All the justices and barons present having consulted, resolved that a *habeas corpus* was a good and legal writ, but under colour thereof, the wardens and marshal ought not to suffer prisoners to go at large; that it was an abuse of the writ, and an escape. In *Holdroid* v. *Liddel*, (1 *L. Ray*, 241.) *Powell*, Justice, said, if a *habeas corpus* is delivered to a sheriff, in *July*, to bring a man in execution to the Common Pleas next *Michaelmas term*, the sheriff may take a reasonable time, of which the Court would judge; but he cannot bring him out of prison, and keep him out all the vacation; but *Treby*, Ch. Justice, said, he would not determine that point.

*Dalton (Sheriff*, 141.) lays down the law to be, that on a *habeas corpus*, if the prisoner, of his own head, goeth at large, and afterwards return to the sheriff, it has been adjudged not to be an escape.

It appears to me to be well settled, and I have met with no decision to the contrary, that if a sheriff, in yielding obedience to a *habeas corpus*, necessarily takes the prisoner out of his county, and returns with him when the exigency of the writ is answered, without unnecessary delay, that he is not guilty of an escape, if the prisoner of his own head should stroll about, and sometimes be out of the sheriff's view. Indeed, I am by no means satisfied, that if the sheriff should permit him to go out of his sight, whilst he has him under the *habeas corpus*, provided always there was no unreasonable delay in returning him to prison, that even such

NEW-YORK,
May, 1820.

an indulgence would be an escape.    The *habeas corpus* re-lieves the prisoner, temporarily, from the duress of impri-sonment under the execution.    He is not then enduring the restraint created by the execution, with a view of coercing payment.

If *Brush* had gone about with *Herrick* on the business of the latter, whilst they were in *New York*, I presume it would not have been contended that it would have been an escape ; and it makes no difference whether *Brush* was pre-sent or not.    *Boyton's* case, which has never been overruled, is, however, decisive ; and the other cases all go in confirm-ation of it.    The case from 1 *Mod. Rep.* 116. was deci-ded on the principle, that the sheriff had let the prisoner go back *three score* miles, which delayed improperly his return to gaol. . We are of opinion that the defendant is entitled to judgment.

Judgment for the defendant.