ALBANY,
Oct. 1825.

Wattles
v.
Marsh.

---

WATTLES AND OTHERS *against* MARSH, Sheriff of Onondaga.

The first judge of a county, of the degree of counsellor at law in the supreme court, may allow a *habeas corpus ad testificandum*, to bring up a prisoner in execution upon a *ca. sa.* This writ may be allowed to bring up a prisoner under a *ca. sa.* to testify in relation to his own application to a first judge, for a discharge pursuant to an act of insolvency.

And if valid on its face, though irregularly or erroneously allowed, the sheriff will be protected in his obedience to it.

Form of the writ.

DEBT against the defendant, for the escape of one Frederick Lasher, from the jail limits of Onondaga county, where he was confined on a *ca. sa.* at the suit of the plaintiffs ; tried July 11th, 1823, at the Onondaga Circuit, before RoCHESTER, C. Judge.

The alleged escape, was the defendant's deputy taking Lasher from the limits, and having him before the first Judge of Onondaga, on the 17th day of December, 1822, *to testify* concerning his own application for a discharge under the *act to abolish imprisonment for debt in certain cases.*

To justify this, the defendant's counsel offered in evidence a writ of *habeas corpus ad testificandum*, in these words :

" *The People of the state of New-York*, by the grace of God, free and independent, to the sheriff of the county of Onondaga, greeting : we command you, that you have the body of Frederick Lasher, detained in our prison, in your custody, as it is said, under safe and secure conduct, before Joshua Forman, esquire, first Judge of the Court of Common Pleas in and for the county of Onondaga, on the seventeenth day of December next, at ten o'clock in the forenoon, there to *testify and* answer unto those things that may be there required of him, pursuant to the act, en-

Though it do not say *to testify ;* yet, if it have words equivalent, this is sufficient.

So, though it do not specify a place of return within the county, as at the office of the first judge ; for this is to be intended.

The alteration of the writ, after it is executed, without the knowledge or privity of the sheriff, will not deprive him of the right to give it in evidence for his justification, though such alteration be made by the deputy who executed it.

If a *habeas corpus ad testificandum* be issued by an officer of competent authority, and be not void on its face, the sheriff is bound to obey it.

titled " an act to abolish imprisonment for debt in certain cases ;" and immediately after the said Frederick Lasher, shall have answered what may be inquired touching his application for the benefit of the said act, that then you return him to our said prison, under safe and secure conduct, and have then there this writ. Witness, Ambrose Spencer, Esquire, Chief Justice of the Supreme Court, at the Academy in the town of Utica, the third Monday of October, in the year eighteen hundred and twenty-two.

*John Wilkinson*, Att'y."                    *Ar. Breese*, Cl'k.

It was endorsed thus :

" Allowed, December 16th, 1822.

> *J. Forman*, First Judge of Onon. Com. Pleas,
> a Counsellor, &c."

The plaintiff's counsel objected to reading the *habeas corpus* in evidence, unless the defendant showed some proceedings had been pending before Judge Forman, in some law-suit or otherwise, wherein Lasher, might have been improved as a witness. The Judge overruled the objection, and permitted the writ to be read in evidence ; after the defendant had proved by Judge Forman, that he allowed it, and that he was first Judge of the Court of Common Pleas of the county of Onondaga, and of the degree of Counsellor at Law of the Supreme Court, at the time of allowing it ; and also had proved by Nicholas P. Randall, that the writ was in the hands of Elisha Marsh a deputy of the sheriff of the county of Onondaga, on the morning of the 17th day of December, 1822, and before Lasher left the jail liberties to go to Syracuse. Randall also swore that he went to Syracuse, and that after he had been there a short time, Lasher and the deputy sheriff, came to Syracuse together, and remained together during the time they were at Syracuse ; and that after the hearing of the insolvent application of Lasher, the witness and they returned by the nearest and most direct rout to the jail liberties, and arrived there at about 4 o'clock in the afternoon of the 17th.

The plaintiff's counsel further proved by Judge Forman, that the writ was allowed by him on the application of John Wilkinson, Esq. who, at the time, acted as counsel for Lash-

ALBANY,
Oct. 1825.

Wattles
v.
Marsh.

er; and Judge Forman did not recollect, whether there was any affidavit or not, but rather thought there was not. John Wilkinson, a witness for the plaintiffs, testified, that he got the writ allowed by Judge Forman, without any affidavit, and sent it to Lasher, or to Marsh, the deputy sheriff, and he did not recollect which; and that he did not know that the deputy sheriff had any knowledge that he acted as counsel for Lasher. Elisha Marsh, the deputy sheriff, a witness for the plaintiffs, testified, that he received the writ of Lasher, on the morning of the 17th day of December, 1822, enclosed in a letter; that Lasher at th time of delivering the letter to him, in which the writ was enclosed, told him he had a letter for him, from Mr. Randall. The witness, at that time, knew that Randall was the attorney who had made the application of insol vency; that, on opening the letter, he found, instead of a letter from Randall, that the writ of *habeas corpus*, in Wilkinson's hand-writing, was enclosed. He further testified, that he did not know upon whose application the writ issued; that he knew that the writ was in the hand-writing of Wilkinson, but he did not know that he was attorney or counsel for Lasher on the application.

John Wilkinson further testified, that the words, "*testify and,*" were not in the writ at the time it was allowed; but that some time after the 17th day of December, 1822, Marsh, the deputy sheriff, called upon him, the witness, and told him that the sheriff was sued for the escape of Lasher, and that Judge Earll said he thought the writ, as it was would be a good justification for the sheriff, but that the words "*testify and,*" ought to have been in the writ; that thereupon the witness, at the request of the deputy sheriff, made the alteration by interlining the words "*testify and.*"

The counsel for the plaintiffs then contended that the writ ought not to be received as evidence, on the ground of the alteration, and that it was no justification for the sheriff, which objection was overruled by the Judge.

The Judge charged the jury, that if they believed that the defendant, or the deputy knew the writ had been obtained on the application of Lasher or his counsel, they should fin'

for the plaintiffs ; otherwise, for the defendant ; and they found for the defendant.

A motion was now made for a new trial, on the grounds :

1. That the application being made for the writ, by the insolvent himself, without affidavit, it was irregular; and afforded no justification to the sheriff.

2. In the form, in which it was allowed, it was not an *hab. corp. ad testificandum ;* nor was any place mentioned where the sheriff was to have the body.

3. The alteration of the writ by the deputy, after it was allowed, rendered it absolutely void, and inadmissible in evidence.

4. A Judge, at his chambers, has no authority to allow an *hab. corp. ad testificandum.* It can be allowed only on motion in open Court. Judge Forman, therefore, having no jurisdiction, the sheriff was not protected.

*D. B. Noxon,* for the plaintiffs, cited to the *first* point, *Thelluson* v. *Coppinger,* (3 Esp. Rep. 283 ;) *Suydam* v. *Keys,* (13 John. 444 ;) *Rex* v. *Roddam,* (Cowp. 672,) and Tidd's Pr. 739 ; also 1 R. L. 463, s. 7, and sess. 42, ch. 101, s. 4, 7, p. 117.

To the *third* point, Cruise's Dig. *Deed,* ch. 22, s. 3, 4. Bac. Abr. *Forgery,* (A.) 3 Chit. Cr. L. 1023 ; *Jackson* v. *Malin,* (15 John. 293 ;) *Masters* v. *Miller,* (4 T. R. 320 ; 2 H. Bl. 141, S. C. ;) *Woolley* v. *Constant,* (4 John. Rep. 54.)

To the *fourth* point, *Wilson, ex parte,* (6 Cranch, 52 ;) *Ex parte Bolman & Swartwout,* (4 id. 75, 93 ;) *Anonymous,* (Penn. N. J. Rep. 391 ;) *Ex parte Burford,* (3 Cranch, 448 ;) *Chapman* v. *Welles,* (Kirby's Con. Rep. 137 ;) *Matter of Edward Price,* (4 East, 587 ;) *Rex* v. *Burbage,* (3 Burr. 1440 ;) *The People* v. *Goodhue,* (2 John. Ch. Rep. 198 ;) Comb. 17, per Ch. J. in *Palmer* v. *Allicott ; Rex* v. *Levir,* (Comb. 47, per Cur.) and *Adams and . . . .* (3 Keb. 51.)

*S. Beardsley,* contra, as to the *first* point, cited *Jones* v. *Cook,* (1 Cowen's Rep. 309 ;) Laws, sess. 41, ch. 195, p. 173, in connection with 1 R. L. 322 ; 1 Dunl. Pr. 477 ; *Hassam* v. *Griffin,* (18 John. Rep. 48 ;) *Currie* v. *Henry,* (2 John. Rep. 433 ;) *Hines* v. *Ballard,* (11 id. 491.)

ALBANY,
Oct. 1825.

Wattles
v.
Marsh.

As to the *second* point, Bac. Abr. *Sheriff*, (M) pl. 2 ; *No-ble* v. *Smith*, (5 John. Rep. 357 ;) *Hassam* v. *Griffin*, (18 id. 48 ;) 1 R. L. 354 ; *Perkin* v. *Proctor*, (2 Wils. 382 ;) *Parsons* v. *Lloyd*, (3 id. 341 ;) *Jones* v. *Cook*, (1 Cowen's Rep. 349 ;) *Bissell* v. *Kip*, (5 John. Rep. 89, 100 ;) Laws, sess. 42, p. 116.

As to the *third* point, 1 R. L. 463, s. 7.

*Curia*, per SUTHERLAND, J.  There was nothing upon the face of the writ, showing it to be void, or to have been issued without competent authority.  The omission in the writ, of the words *to testify*, was not material.  It still appeared to be a *habeas corpus ad testificandum*.  It directed the sheriff to bring the prisoner before the officer, to answer unto those things that might be there required of him, pursuant to the act entitled an act to abolish imprisonment for debt in certain cases.  Under that act, he would be required to answer only as a witness.  It was substantially good ; and was in the words of the statute.  The omission of a place in the writ where the prisoner was to be brought did not render it void.  He was directed to be brought before *Joshua Forman, Esq. First Judge of the Court of Common Pleas in and for the county of Onondaga.*  If the words, *at his office, in said county*, had been added, it would have been in *terms*, sufficiently explicit; and I think they are fairly to be understood.

The writ was allowed by an officer of competent authority to allow *writs of habeas corpus.*  He had the same powers as a Judge of the Supreme Court at chambers ; and the case of *Hassam* v. *Griffin*, (18 John. 48,) shows that a *habeas corpus ad testificandum* may be allowed by a Judge at chambers, to bring up a prisoner charged in execution.  (And vid. 5 id. 357.)

If the writ was issued by an officer of competent authority, and was not void on its face, the defendant was bound to obey it.  (5 John. 357. 3 Esp. Rep. 283. 3 Burr. 1340. 4 East, 587.)  Whether the writ was regularly issued or not ; whether upon the application of the cre 'itor, or the insolvent, the sheriff had no means of knowing and

was not bound to inquire. Admitting it to have issued erroneously, there being no defect of jurisdiction in the officer, it is a justification to the sheriff. (13 John. 444. 19 John. 39. id. 7. 1 Cowen, 309.)

ALBANY,
Oct. 1825.

The alteration of the writ, subsequent to its execution, could not deprive the sheriff of his justification under it, if it was originally sufficient to justify him. The alteration was made without his authority; and he was not responsible for the act of his deputy in that respect. But the principle relied on by the defendant's counsel, does not apply to a case like this.

The motion for a new trial must be denied.

New trial refused.