## NEW YORK SUPERIOR COURT.

JACOB WICKELHAUSEN agt. JAMES C. WILLETT, Sheriff.
m

A *sheriff* is not liable in an action for *escape*, where the defendant is taken and detained compulsorily from the jail liberties, by *process and authority of law*.

*New York General Term, May*, 1861.

BOSWORTH, Ch. J., WOODRUFF and HOFFMAN, *Justices*.

ON the 18th of July, 1857, one John D. Williamson was arrested by the defendant as sheriff of the county of New York, on a *ca. sa.* duly issued on a judgment against Williamson in favor of the plaintiff for $1,415.97.

Williamson thereupon executed such a bond as entitled him to the jail liberties of this county. Subsequently, and on the 2d of February, 1858, while Williamson was within said jail liberties, he was arrested by the sergeant-at-arms of the United States House of Representatives, by virtue of a warrant issued by order of the house, declaring that Williamson had been adjudged by the house guilty of a contempt of its dignity and authority, by reason of his not appearing in the house to give evidence in a matter pending before it, and within its jurisdiction, in obedience to a subpoena served on him on the 15th of the previous January.

Wickelhausen agt. Willett.

Williamson was taken, and compelled by the sergeant-at-arms to go to Washington, by virtue of said warrant; and on the 5th of February, 1858, while he was held and detained at Washington under that warrant, this action was commenced to charge the defendant as sheriff, for the escape of Williamson, which escape consisted of his being without the jail liberties as aforesaid.

As soon as Williamson was released from custody, and on the 9th of February, 1858, "he returned to the jail liberties of said jail."

He was so out of such jail liberties as aforesaid, without the assent and against the will of the plaintiff. The court at special term held that the sheriff was not liable for the alleged escape, and gave a judgment in his favor, from which judgment the plaintiff appealed to the general term.

By the court, BOSWORTH, C. J. The statutes and authorities seem to justify these conclusions:

1. Williamson was seized and taken off the limits by authority of law, against his will, and without his consent.

2. At the time he was so seized, his right to the jail liberties, as between himself and the sheriff, was absolute. The sheriff had no right to confine him in close custody, and had no control over his movements, except to retake him if he escaped. (3 *R. S.*, *p.* 734, § 68, [§ 47] *and p.* 736, § 85, [§ 64].)

3. Williamson did not " go at large, without the liberties of the county," within the meaning of those words, as used in § 68 (§ 47,) or within the meaning of the condition of his bond. (§ 63 [§ 42,] *pp.* 733, 734, 3 *R. S.*, *5th ed.*) His removal was by authority of law, and his being off the jail liberties, by the exercise of such authority, and during the time necessary for his return to the jail liberties, after having been discharged from the custody of the sergeant-at-arms, was not an escape, within the meaning of his bond. Whether, if the sergeant-at-arms had not returned him to the liberties, or he had not voluntarily and immediately

returned when set at liberty, his being subsequently on the limits would not be an escape, is a question not presented by this case.  He was arrested on the 2d of February, 1858, and taken to Washington, and the case states " that, as soon as the said Williamson was released from the custody of the said sergeant-at-arms, and on the 9th day of February, 1858, he returned to the said jail."  Holding that his being off the limits, under the circumstances above stated, is not an escape, does not sanction the conclusion that the sureties in the limited bond would not be liable, if Williamson had failed to return within the limits, as soon as practicable, after he was free to do so.

The proposition on which we think the judgment should be affirmed, is, that at the time this action was commenced,· Williamson was off the limits, not by any act or agency of his own, but compulsorily by process and authority of law. That his being so off was no more an escape than if he had been at the time removed and held by *habeas corpus ad testificandum*, as in *Hessam* agt. *Griffin*, (18 *T. R.*, 48,) or by force of a valid judicial Code, as in *Fuller* agt. *Davis*, (1 *Gray*, 612.)

Judgment affirmed.