### TYNG v. CORPORATION TRUST CO.

### SAME v. AMERICAN BEET SUGAR CO.

(Supreme Court, Appellate Division, First Department.   May 12, 1905.)

1. FOREIGN CORPORATION—REFUSAL TO EXHIBIT STOCKBOOK—PENALTY—STAT-
UTE—LIABILITY OF TRANSFER AGENT.

In an action by a stockholder against a foreign corporation's transfer
agent for refusal to exhibit the stockbook, proof that the plaintiff made
demand for the book, that it was made of the agent, that it was refused,
and that the demand was for the book called the "stockbook," kept by the
agent in New York, entitled the plaintiff to recover from the agent, under
Stock Corporation Law (Laws 1892, p. 1840, c. 688, as amended by Laws
1897, p. 314, c. 384, § 3) § 53, providing that foreign stock corporations hav-
ing an office for the transaction of business in New York shall keep in the
state a book to be known as the "stockbook," and that, if any such cor-
poration has in the state a transfer agent, whether such agent be a cor-
poration or a natural person, such stockbook may be deposited in the office
of such agent, and shall be open to inspection at all times during the
usual hours for transacting business to any stockholder, and that for
any refusal to allow such book to be inspected such corporation and the
officer or agent refusing shall each forfeit the sum of $250, to be recovered
by the person to whom such refusal was made.

2. SAME—LIABILITY OF CORPORATION.

Where a foreign corporation having an office in New York for the
transaction of business refuses to exhibit its stockbook on the demand of
a stockholder, its liability under Stock Corporation Law (Laws 1892, p.
1840, c. 688, as amended by Laws 1897, p. 314, c. 384, § 3), § 53, is not
affected by the fact that the book does not contain every item required
by the statute to be recorded therein.

3. APPEAL—THEORY OF CASE.

On appeal cases must be disposed of on the theory and on the record
on which they were tried.

Van Brunt, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second
District.

Actions by Morris A. Tyng against the Corporation Trust Com-
pany and the American Beet Sugar Company.  Judgments for
plaintiff were affirmed by the Appellate Court, and defendants ap-
peal by permission.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, O'BRIEN, and LAUGHLIN, JJ.

G. Zabriskie, for appellant.
Morris A. Tyng, in pro. per.

PATTERSON, J.   The plaintiff was a stockholder in the Amer-
ican Beet Sugar Company, a foreign corporation, organized under
the laws of the state of New Jersey, having an office for the trans-
action of business in the city of New York.   The Corporation Trust
Company was also a foreign corporation, having an office for the
transaction of business in the city of New York, and was the trans-
fer agent in the state of New York of the American Beet Sugar
Company.   The plaintiff demanded of both corporations an in-
spection of the stockbook of the American Beet Sugar Company,

and both corporations refused to allow him to see such book.   It is provided by section 53 of the stock corporation law of New York (Laws 1892, p. 1840, c. 688, as amended by the Laws of 1897, p. 314, c. 384, § 3) that every foreign stock corporation having an office for the transaction of business in the state of New York, except moneyed and railroad corporations, shall keep in the state a book to be known as the "stockbook"; and that "if any such foreign stock corporation has in this state a transfer agent, whether such agent⸱ shall be a corporation or a natural person, such stockbook may be deposited in the office of such agent and shall be open to inspection at all times during the usual hours for transacting business to any stockholder, judgment creditor or officer of the state authorized by law to investigate the affairs of such corporation.   For any refusal to allow such book to be inspected such corporation and the officer or agent so refusing shall each forfeit the sum of $250 to be recovered by the person to whom such refusal was made."   The plaintiff brought separate actions in the Municipal Court of the city of New York against each of the corporations named for the penalty prescribed in the section of the statute above mentioned, and recovered a judgment in each action.   The defendants appealed to the Appellate Term of the Supreme Court,[1] where such judgments were affirmed, and then, by permission, the judgments were brought up for review in this court.

That the plaintiff was entitled to recover against the Corporation Trust Company is clear.   There was proof of every fact required to be shown to render that company liable under the statute.   The demand was made, it was made of the transfer agent, it was refused, and the demand was for the book called the "stockbook" kept by the transfer agent in the state of New York.   That the book did not contain every particular item required by the statute to be recorded therein could not affect the liability of the American Beet Sugar Company.   It could not refuse to produce what was called and used as a stockbook because there was a failure to comply with every specific requirement of the law.   There was a book which was kept as a stockbook, and that book the plaintiff was entitled to inspect.

It is suggested (not by counsel) that a corporation has complied with the statute when its stockbook is deposited with its agent, and, consequently, where this has been done, it incurs no penalty where it does not itself produce such stockbook.   The point was not taken upon the trial of the action, nor was it taken by counsel either on the oral argument of this appeal or in the brief presented on such argument.   It was not intimated in any form nor relied upon in any way.   Even if it had been, it would be too late to raise it upon appeal, and it cannot be considered.   There was no objection made at the time to the plaintiff's right to maintain two independent suits for a specific penalty against each of these corporations.   The cases must be disposed of here upon the theory and on the record on which they were tried.   Sears v. Wise, 52 App. Div. 122, 64 N.

1 No opinion.

Y. Supp. 1063; Wellington v. Morey, 90 N. Y. 656; Vann v. Rouse, 94 N. Y. 401.

The judgment in each case should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.