(90 Misc. Rep. 311)

OTTO v. FRANKLIN'S, Inc.

SAME v. POHLEY.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

CORPORATIONS ☞650—INSPECTION OF BOOKS—EXCUSE.

Under the law requiring every foreign stock corporation having an office for the transaction of business in the state to keep a stock book, to be open for the inspection of its stockholders, and imposing a penalty for refusal to comply therewith, that a corporation's stock book was taken from its possession under a subpœna duces tecum, in a suit against it in the federal court, excused the corporation and its treasurer for their refusal to exhibit it; and the fact that it had in its possession a list of persons who had purchased stock after the seizure of its stock book, which it refused to exhibit, did not subject it to the penalty.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2517, 2573; Dec. Dig. ☞650.]

Appeal from Municipal Court, Borough of The Bronx, First District.

Separate actions by Augusta Otto against Franklin's, Incorporated, and against John N. Pohley, its treasurer. Judgments for plaintiff, and defendants appeal. Reversed, and judgments directed for defendant in each action, and complaints dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

George D. Zahm, of New York City, for appellants.
Willard S. Allen, of New York City, for respondent.

PENDLETON, J. The actions were brought to recover penalties imposed by statute for refusal to exhibit the stock book of a foreign corporation. The answers alleged that, previous to the demand, the stock book had been taken out of the possession of the company by virtue of a subpœna issued out of the United States court, and has ever since been in the control of the United States government. The statute in question requires:

"Every foreign stock corporation having an office for the transaction of business in this state, * * * shall keep therein a book to be known as a stock book, containing the names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the time when they respectively became the owners thereof, and the amount paid thereon. Such stock book shall be open daily, during business hours, for the inspection of its stockholders." Laws 1897, c. 384, § 3.

It is undisputed that defendant company kept such a book up to about eight months before plaintiff's demand for inspection, at which time it was taken from defendant's possession under a subpœna duces tecum issued out of the United States court in proceedings on an indictment against certain officers of defendant company for the alleged sending of fraudulent matter through the mails, and the government still at the time of the alleged demand by plaintiff held possession of the same. It is also undisputed that, subsequent to the taking posses-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sion of said book, a number of transfers of stock and issuance of new certificates had taken place, and that the corporation had in its possession a certificate book, from which such stock certificates had been issued, and in which the stubs remained, showing to whom the certificates had been issued and perhaps other data from which some information could possibly have been obtained.

There can be little question that the possession of the book under the mandate of the United States court is a good excuse for the failure to exhibit it. That compliance with a statutory requirement is excused when prevented by an exercise of governmental authority is well settled. In People ex rel. Nugent v. Police Com'rs, 114 N. Y. 245, at page 248, 21 N. E. 421, at page 422, it is held:

"It is both unreasonable and unjust to the citizen to hold that in any case he is subject to a penalty imposed by law for nonperformance of a duty, when such performance, without fault on his own part, is prevented by law. It is far more agreeable to reason to construe such a statute as containing an implied undertaking on the part of the state that performance shall not be hindered or prevented by any legal authority within the limits of the state, and, as a necessary consequence, that, when thus hindered and prevented, the statute shall not operate as against the citizen or officer thwarted in the attempt at performance. The principle which justifies and demands such a construction of this statute, as will relieve the relator from the penalty of enforced nonperformance, by the act of the law, is sanctioned by elementary writers and in adjudged cases"—citing Wilckens v. Willet, *40 N. Y. 521; Noble v. Smith, 5 Johns. 357; Hassam v. Griffin, 18 Johns. 48, 9 Am. Dec. 184; Wattles v. Marsh, 5 Cow. 176; Martin v. Wood, 7 Went. 132.

The learned justice in the court below gave judgment for plaintiff, however, on the ground that the taking possession of the stock book did not release defendant from the penalty for the reason that it had in its possession a list of persons who had purchased stock subsequent to the seizure of its stock book, which it failed to exhibit to plaintiff. This was error. The statute is highly penal in character, and must be strictly construed. What the statute requires is a stock book showing all the stockholders of the company, their residences, number of shares held, when acquired, and the amount paid thereon, all alphabetically arranged. The fact that such book had been taken possession of on governmental authority either was or was not a defense. If it was, the failure to exhibit some other papers could not create a liability, as none such was imposed by the statute; if it was not, exhibiting some other papers would have been ineffectual. Tyng v. Corporation Trust Co., 104 App. Div. 486, 93 N. Y. Supp. 928, and People ex rel. Singer v. Knickerbocker Trust Co., 38 Misc. Rep. 446, 77 N. Y. Supp. 1000, cited by plaintiff, are not in point. In Tyng v. Corporation Trust Co., 104 App. Div. 486, 93 N. Y. Supp. 928, it was held that the failure of the stock book to contain all the items provided for by the statute did not excuse the transfer agent from complying with a request. In this case the book was kept as "the stock book," and the refusal was to exhibit the very book purporting to be the one provided for in the statute. This presents a very different question. In People ex rel. Singer v. Knickerbocker Trust Co., 38 Misc. Rep. 446, 77 N. Y. Supp. 1000, the proceeding was by mandamus not to enforce a penalty. When a stock book is destroyed, the question of a reasonable opportunity to

procure another may arise, but such question is not here presented, where the taking is for a temporary purpose. The witness testified they "were expecting it back daily."

Judgments reversed, with costs, and judgments directed for defendant in each action, with costs, and complaints dismissed, with costs. All concur.