Sanders vs. Simmons.

---

## SANDERS VS. SIMMONS.

ILLEGAL TAXES: *Not recoverable from the Collector.*

The assessment of appellant's land was fraudulently and illegally raised by some unauthorized person, and the taxes extended on the increased assessment; he tendered the appellant, the Collector, the sum legally due which was rejected, and, in order to avoid the accrual of the penalty and

the sale of the land, he paid the full amount demanded, and afterward sued for the excess. *Held* he could not recover without showing that the excess remained in the appellant's hands; he was protected by the warrant accompanying the tax book and need not look beyond it.

APPEAL from *Lincoln* Circuit Court.

Hon. DAVID W. CARROLL, Circuit Judge.

*J. M. Cunningham,* for appellant.

It does not appear that the increased assessment was *not* made by the Board at an adjourned day. The act of 1871, section 65, is only directory, and the functions of said Board not limited to the time. *Regina* v. *Cor. of Durham.* There are no negative words. See *Colt* v. *Eves,* 12 Conn., 243; *People* v. *Peck,* 11 Wend., 604; *People* v. *Allen,* 6 ib., 486; *Ex Parte Heath,* 3 Hill N. Y., 42; *Pond* v. *Negus et al.,* 3 Mass., 230; *Jackson* v. *Young,* 5 Cow., 269; *Walker* v. *Chapman,* 22 Ala., 116; *McGuffee* v. *State,* 17 Ga., 497; *Hart* v. *Plum;* *Gale* v. *Meade,* 2 Denio, 160; *Merchant* v. *Longworthy;* *City of Lowell* v. *Hadley,* 8 Met., 180; *Striker* v. *Kelly,* 7 Hill, 9; *People* v. *John Doe,* 1 Mich., 452 and 453; *Colt* v. *Eves,* 12 Conn., 243.

The officer acted officially under process and is not liable. *Hunt* v. *Ballew,* 9 B. Monroe, 390; *Camp* v. *Mosely,* 2 Fla., 171; *McDonald* v. *Wilkie,* 13 Ill., 22; *Tefft* v. *Ashbaugh,* ib., 602; *Whipple* v. *Kent,* 2 Gray, 410; *Churchill* v. *Churchill,* 12 Vt., 661; *Heydon* v. *Conway,* 12 Miss., 295; *Holmes* v. *Nuncaster,* 12 Johns., 395; *Yates* v. *St. John,* 12 Wend., 74; *State, use,* v. *Crow,* 6 Eng., 642; *State, use,* v. *Sadler,* 1 Eng., 235; *Huddleston Speer,* 3 Eng., 406; 2 Hill on Torts, 187.

There was a remedy through the Auditor. See sec. 65, of act of 1873, p. 337, or from the Clerk, see sec. 198, p. 390, or by certiorari, under sec. 18, of amended Code.

These statutory remedies are exclusive. *Camden* v. *Allen,* 2 Dutch., 398; *Victory* v. *Fitzpatrick,* 8 Ind., 281; *McCormick* v.

*Terre Haute, etc.,* 9 Ind., 283; *Commonwealth* v. *Garrigues,* 28 Penn., 9; Sedg. Con. and Stat. Law, 313.

*L. A. & X. J. Pindall,* for appellees.

The valuation of the lands after the Board adjourned was illegal.

The Board had no right to change the Assessor's valuation, but to put the raised value, if proper, in another column on the form. Acts of 1871, p. 149-50, secs. 65, 66 and 71. But the court was not in legal session when the act was done, and it was void. *Ferguson* v *Crittenden County,* 6 Ark., 479; *Chaplain* v. *Holmes,* 27 Ark., 414. The court could not constitute a sub-committee and delegate its authority.

The powers attempted to be vested in the Board were unconstitutional. See Const. of '68, art. 10, sec. 2.

The Clerk, in exercise of special powers requiring discretion, cannot act by deputy.

The matters complained of can only be shown by proof *de hors* the record, hence injunction lies. *Cleghorn* v. *Tostlewait,* 43 Ill., 428; Gantt's Dig., sec. 3451. Besides certiorari would quash the whole tax book, which is not sought.

HARRISON, J.:

The real property of the appellee was assessed in 1872, and appraised by the assessor at $13,050. No change in the valuation was made by the county board of equalization, but after it adjourned the value fixed by the appraisement was fraudulently and by forgery altered and raised on the assessment list, as if done by the board, by some unknown person to $34,290.

The value thus fraudulently raised was carried to the tax book for that year, and the taxes upon it extended therein, making an excess of $564 over the amount of taxes legally chargeable. Appellee tendered to the appellant, who was the tax collector, the

taxes legally due, but the appellant demanded the full amount charged against the lands, and being about to add the penalty of twenty-five per centum thereto, and to proceed to sell the lands, appellee paid him the amount demanded.

This suit, which was commenced on the 25th day of September, 1874, was brought by the appellee to recover said excess of $564.

The appellant demurred to the complaint, on the ground that it showed no cause of action. The court overruled the demurrer, and the plaintiff recovered judgment for the amount claimed.

The appellant had nothing to do with the assessment of the property, and was not presumed to know anything about its valuation, except what appeared upon the tax books. The warrant upon the tax book in his hands was in the nature of an execution, and to collect the taxes stated therein, and to pay the same into the county treasury, was a duty he might not disobey. Gantt's Digest, sec. 5139; *Gossett* v. *Kent*, 19 Ark., 602; Black. on Tax Titles, 200. He could not, therefore, be amenable to the appellee for an injury occasioned by the performance of that duty.

There is no clearer proposition of law than that an officer, having in his hands a warrant or legal process from competent legal authority, is not bound to look beyond such warrant or process, but will be protected in its execution. *State, use, etc.,* v. *Sadler,* 1 Eng., 235; *State, use, etc.,* v. *Crow,* 6 Eng., 642; *Wattles* v. *Marsh,* 5 Cow., 176; *Ford* v. *The Treasurer,* 1 Nott. & McCord, 234; *Whipple* v. *Kent,* 2 Gray, 410; *Savacool* v. *Boughton,* 5 Wend., 170; *Hill* v. *Bateman,* 2 Strange, 710; 8 Bac. Abr., 690.

If the appellant, upon settling with the auditor and the board of supervisors, was not required to account for and pay such illegal excess into the State and county treasuries, and the same remains in his hands, the appellee could recover it from him;

but such is not shown to be the case, and the presumption is the other way. For the fraud practiced against the appellee he must seek relief from the State and the county. to whom the appellant paid the money over.

The judgment of the court below is reversed and the cause remanded to it, with instructions to allow the demurrer and to proceed according to law.