FIRST NATIONAL BANK OF FORT SMITH *v.* NORRIS.

Opinion delivered May 18, 1914.

1. TAXATION—ASSESSMENT—APPEAL TO COUNTY COURT—HEARD, WHEN.— Act 249, page 230, Acts 1911, provides for the hearing by the county court of all appeals from the board of equalization, and requires that they shall be heard and passed upon before the fourth Wednesday in October. Plaintiff appealed from the assessment fixed by the board of equalization, which was heard by the county court, which rendered a judgment fixing the amount of plaintiff's assessment. *Held*, when the court later, without notice, after the lapse of the statutory time limit, undertook to make a new order, the same will be held void. (Page 140.)

2. TAXATION—ERRONEOUS ASSESSMENT—PAYMENT—RECOVERY BACK—ALLEGATIONS OF COMPLAINT.—In an action to recover taxes paid the sheriff in pursuance of a void order of the county court, it is necessary for the plaintiff to allege that the collector has retained in his hands the excessive amount of the tax collected. (Page 141.)

3. TAXATION—ERRONIOUS ASSESSMENT—PAYMENT—RECOVERY BACK—REMEDY.—A taxpayer who pays taxes in excess of what is due, under a void order of the county court, fixing all erroneous assessments, has a remedy to recover the same back provided by Kirby's Digest, § 7180, which authorizes the county court to order the refunding of taxes paid into the treasury under an erroneous assessment. (Page 142.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon*, Judge; affirmed.

*H. C. Mechem,* for appellant..

1. When the court on October 22, 1912, entered its judgment, it exhausted its power, and had no jurisdiction in the absence of appellant and without notice to it, to vacate that judgment, and enter up another and different one against it.

The jurisdiction of a court ends with its final judgment, except as to motions for new trial or other method of reviewing the case provided by statute. 67 Ia. 175; 85 N. W. 22; 121 N. W. 27; 89 Pac. (Col.) 46; 2 Neb. 60.

2. The county court had no jurisdiction to hear and pass upon the matter after the fourth Wednesday in October,. which, in 1912, was October 23. Acts 1911, No. 249, § 4.

No brief filed for appellee.

McCULLOCH, C. J. Appellant instituted this action in the circuit court of Sebastian County, Fort Smith District, against appellee as tax collector to recover the amount of taxes alleged to have been illegally extended against its property in the county and paid under protest to said collector.

It is alleged in the complaint that appellant made a return of its property in due form to the assessor of the county, showing taxable property amounting in valuation to the sum of $237,000; that the board of equalization, during its regular session, raised the valuation of appellant's property to $300,000, whereupon appellant appealed from the action of the board to the county court, and that court, at its session held on the second Wednesday of October, reduced the valuation to $267,000, but on January 4, 1913, it being an adjourned day of the October term thereof, without notice to appellant, said court set aside its former order and restored the valuation of appellant's property to $300,000, the amount fixed by the board of equalization; that the county clerk extended the amount of appellant's taxes upon the tax books upon said valuation of $300,000 and delivered same to the collector, who demanded of appellant, and the latter paid under protest, the taxes so extended, which were, by the sum

of $841.45, in excess of the true amount of a valid assessment. It is alleged that the act of the county court in attempting to make a new order changing the assessment on January 4 was void, and that said enforced collection of said sum of $841.45 was illegal. Judgment was asked against the collector for recovery of said excessive amount.

We are not favored with brief by appellee, and consider the case only upon the brief of appellant and such further investigation as the judges have pursued for themselves.

Whether, in the absence of a statute limiting the time within which the county court may change its judgments revising assessments, that court has the power to change the valuation without notice to the owner, and, after having once fixed the valuation, we need not determine, for this case, we think, is controlled by the plain letter of the statute. The General Assembly of 1911 enacted a statute, approved May 4, 1911, changing the time for meeting of the county boards of equalization and extending the time thereof, and also fixing the time within which county courts may hear appeals. Act 249, page 230, Acts of 1911. It provides, in substance, that the county boards of equalization shall meet on the first Monday in September and continue to exercise their functions until the fourth Wednesday of October, but that the assessment of property shall not be raised by a board after the second Wednesday in October until the taxpayer affected has been duly notified and given an opportunity to be heard. The act further provides for appeals from the board of equalization to the county court, and that "all appeals taken from the order of the board of equalization shall be taken to the October term of the county court, and such appeals, even if taken after the regular October term of the county court has convened, shall be heard and passed upon by said court before the fourth Wednesday in October."

The primary question which arises is, therefore, whether the last named provision of the statute, fixing

the time for county courts to hear appeals, is mandatory or merely directory.

We held in the case of *Waters-Pierce Oil Co.* v. *Roberts,* 96 Ark. 92, that the provision fixing the time for action by the board of. equalization in revising assessments was intended to be mandatory and that any attempt on the part of the board to raise assessments after the time fixed was void.

The reasoning of the opinion in that case leads to the conclusion that the provision of. the act of 1911 now under consideration was intended to be mandatory, for the time was fixed for the.protection of the taxpayer so that he might have an opportunity to present his grievance and that a time might come when he could know that further revision of his assessment would not be attempted.

It is unnecessary in this case to enter upon any consideration of the power of the county court to continue a hearing begun within the time limit and extending over beyond it, for that question does not arise here. The county court heard the complaint in this case and rendered a judgment fixing the amount of appellant's assessment, and later, without notice and after the lapse of the statutory time limit, undertook to make a new order.

We are of the opinion that the order was void and that appellant's taxes should have been extended on the books at the amount which the county court fixed by its first order.

It does not follow, however, that appellant has adopted appropriate proceedings to recover the excess. The case of *Sanders* v. *Simmons,* 30 Ark. 274, was precisely like this except that the assessment of the plaintiff's property was fraudulently raised by forgery after it had been fixed by the board of equalization. He paid the amount so extended and sued the collector for the amount; but this court held he was not entitled to recover for the reason that his complaint contained no allegation that the collector still held the funds in his hands.

It does not appear from the complaint in the present case that the collector has retained in his hands the amount of the excess, and for the same reason stated in *Sanders* v. *Simmons, supra,* the circuit court was correct in denying relief.

The statute (Kirby's Digest, § 7180) affords a complete remedy for taxpayers under circumstances like this by authorizing the county court to make an order refunding taxes which have been erroneously assessed and paid into the treasury. The judgment in this case is, of course, without prejudice to the right to pursue that remedy.

Judgment affirmed.