COLUMBIA COUNTY *v.* ENGLAND.

Opinion delivered January 23, 1922.

1. JUDGMENT—SETTING ASIDE DEFAULT JUDGMENT FOR UNAVOIDABLE CASUALTY.—Where defendant's attorney died a few days before judgment by default was rendered against him, and defendant was unable to employ new counsel, and a letter addressed to the circuit judge requesting a continuance went astray, defendant was entitled to have the judgment set aside as for an "unavoidable casualty," within Crawford & Moses' Dig., § 6290.

2. JUDGMENT—VACATING—MERITORIOUS DEFENSE.—Where defendant, acting as treasurer of a State reform school, received a fund from a county in good faith and expended it for the purpose for which it was appropriated before an appeal from the order appropriating it was taken, these facts constituted a meritorious defense, in an action by the county to recover such fund, on an application by defendant to set aside a judgment in favor of the county.

Appeal from Columbia Circuit Court; *G. W. Smith,* Judge; affirmed.

*McKay & Smith,* for appellant.

Appellee was not prevented from appearing or defending on account of unavoidable casualty, within the meaning of C. & M. Digest, sec. 6290. He took no interest in the case, and under the rule announced in 108 Ark. 47, and 128 Ark. 269, the judgment against him should not have been set aside.

Appellee failed to show that he had a valid defense or cause of action, which he must do under sec. 6293, C. & M. Digest, to entitle him to have the judgment set aside. 104 Ark. 449; 112 Ark. 159; 123 Ark. 447.

The act creating the reformatory made it a State institution, and the appropriation by the county court was invalid under the decision in 114 Ark. 278, as being against art. 7, secs. 27 and 28 of the Constitution.

The default judgment rendered was a proper one, notwithstanding appellee was acting as agent in collecting the claim. In filing the claim he became a party to a judicial proceeding, and the only remedy left the county or the citizens was by appeal from the order of allowance. 118 Ark. 524; 129 Ark. 413; 22 Ark. 595; 37 Ark. 532.

*R. E. Wiley,* for appellee.

Unavoidable casualty prevented appearance and defense, within the rule announced in 59 Ark. 162; 85 Ark. 385; 128 Ark. 269.

Appellee showed a valid defense or cause of action. At the time the appropriation was made the institution was a prospective one. True, it was taken over by the State at a later date, but at the time it was within the discretion of the county court to make the appropriation, to take care of women lawbreakers, either in that county or to join with other counties or persons to build such an institution.

The appropriation was made for the Girls' Industrial School as well as the Women's Reformatory, and an appropriation for the Girls' Industrial School was certainly for a county purpose within the rule announced in 141 Ark. 213.

There was no lawful appeal from the order of allowance in the county court, (1) in that no bond for costs was filed. Sec. 2288, C. & M. Dig.; 10 Ark. 509; (2) transcript was not filed within six months, C. & M. Dig., sec. 2289; 123 Ark. 320; 131 Ark. 389, and (3) no summons issued or served on appellee. Sec. 2291, C. & M. Dig. Summons must be served within a reasonable time and failure to do so is fatal to the appeal. 90 Ark. 306; 72 Ark. 475.

Judgment was against appellee personally, instead of in his representative capacity. 25 Ark. 52; 35 Ark. 176; 39 Cyc. p. 460.

The judgment was one against the State and is unauthorized and void. 106 Ark. 175.

HUMPHREYS, J. Two questions are presented by this appeal for determination. The first is, whether appellee was prevented by unavoidable casualty from appearing and defending the suit against him in the Columbia Circuit Court. The second is, whether he had a meritorious defense to the cause of action.

This is an appeal from a judgment setting aside and vacating a judgment rendered against appellee in favor of the county of Columbia for $1,500, rendered at the August, 1920, term of the Columbia Circuit Court. The judgment vacated was rendered in a proceeding commenced in the county court of Columbia County upon a claim for $1,500 presented to the county court by the appellee as treasurer of the Girls' Industrial School and Young Women's Reformatory, which claim was presented, allowed and paid on November 21, 1918, by the county court. A. W. Davies, a citizen and taxpayer of Columbia County, Arkansas, filed the necessary affidavit and prayed an appeal to the circuit court from the judgment of allowance, and was granted an appeal therefrom on the 18th day of February, 1919. No bond for appeal was filed, and no notice thereof was given to appellee. A transcript of the proceedings in the county court was

certified to and filed in the circuit court on the 2nd day of August, 1919. The case was passed at both the August, 1919, and February, 1920, terms of the Columbia Circuit Court, and the judgment which was vacated and from which this appeal was prosecuted was rendered by default against appellee at the August, 1920, term of said court. The application to vacate the judgment was presented at the February, 1921, term of said court.

The facts reflected by the record are, in substance, as follows: The county levying court of said county appropriated $1,500 out of its general fund for the purpose of erecting a girls' industrial school and a reformatory for fallen women, which girls' industrial school was at the time a State institution, and which reformatory for fallen women became a State institution, under the name of the "Arkansas State Farm for Women," on March 28, 1919. Appellee was treasurer for the boards of these institutions, and resided in Little Rock. He was informed by the county judge of said county that the appropriation had been made and would be paid to him as treasurer of the institutions upon presentation of a claim for the amount. He thereupon presented his claim as treasurer, upon which a judgment of allowance was rendered and immediately paid. Appellee paid the money out for the purposes for which it was appropriated upon vouchers issued by the boards of the institutions. It is fairly inferable from the evidence that the money was expended for the purposes for which it was appropriated before an appeal was prosecuted from the judgment of allowance. Appellee and the board obtained information that an appeal had been prosecuted from the judgment of allowance a short time after the transcript had been filed in the circuit court on the 2nd day of August, 1919. They immediately employed an attorney, A. S. Kilgore, who resided in that county. Appellee and the members of the board resided in Pulaski County, and depended entirely upon their attorney to represent them in the suit. A short time before the

term convened at which a judgment was rendered against appellee, their attorney, A. S. Kilgore, died. Neither the appellee nor the boards, as such bodies, obtained information of the death of their attorney until after the expiration of the term at which the judgment was rendered. R. E. Wiley, a member of the board, was notified of the death of A. S. Kilgore by Judge A. D. Pope. At the time appellee and the other members of the board had gone away on vacations. Mr. Wiley had been sick for a number of months, and was at home for a few days where he was looking after matters preparatory to returning to St. Louis for treatment. He had a personal acquaintance with Judge Butler, who, by agreement, was to hold the August, 1920, term of the Columbia Circuit Court, and wrote him a letter just before leaving for St. Louis explaining the situation and requesting a continuance of the case. The letter was addressed to Judge Butler at Hamburg, Ark., and was deposited in the mails. It miscarried, and did not reach Judge Butler. Judge Butler testified that, had he received the letter, he would most likely have continued the case. No one appeared for appellee, and personal judgment was rendered against him in favor of the county for the full amount of the claim and interest.

It is provided by statute in this State that judgments may be vacated after the expiration of the term at which rendered for unavoidable casualty or misfortune preventing a party from appearing and defending. Appellant contends that the failure of appellee to appear was not due to an unavoidable casualty within the meaning of the statute. Appellee's attorney, A. S. Kilgore, died only a short time before the term at which the judgment was rendered convened. Appellee was absent from the State at the time and received no information to this effect. The real parties in interest, however, were the boards of the two institutions. As boards they received no information of the death of their attorney until after the expiration of the term at which the judg-

ment was rendered. One member of the board, R. E. Wiley, received information only a few days before court convened of the death of the attorney. He was sick at the time, and in the State temporarily to attend to a few matters preparatory to returning to St. Louis for treatment. He had been sick for a number of months. The other members of the boards of the institutions were away on vacations. He had no opportunity to see them, communicate with them or meet them for the purpose of employing another attorney. He was acquainted with the judge who was to hold the Columbia Circuit Court, and wrote him a letter fully explaining the situation. It was stated in the letter that it was impossible for the boards to substitute counsel in the place of Mr. Kilgore to represent them at the August term of court, which was to convene the following week after Mr. Wiley received notice of the death of Mr. Kilgore. The letter was written on the 19th day of August, 1920, and regularly posted. It miscarried, else the case would have most likely been continued.

We think by the death of appellee's attorney and the inability of the parties on such short notice to employ new counsel, when considered in connection with the illness of Mr. Wiley, appellee was prevented from appearing and defending by unavoidable casualty within the meaning of the statute. Appellee and the boards of the institutions were guilty of no negligence. They had employed counsel and received no information whatever of his death. Mr. Wiley was a sick man, and on the eve of going to St. Louis for treatment. Having received individually information of the death of their employed attorney, he immediately wrote a letter explaining the situation and requesting a continuance. We do not think any negligence can be attributed to him individually or in his capacity as a member of the boards.

The remaining question is whether appellee had a meritorious defense to the cause of action. We think, under the undisputed facts in the case, a meritorious de-

fense was established. In reaching this conclusion we assume that the appropriation was unauthorized by law. It was voluntarily made, paid and expended before an appeal was taken from the judgment of allowance.

This court has ruled that the payment, under protest, of an illegal tax to a sheriff or collector cannot be recovered from him unless it be shown that he still has the illegal taxes in his hands. *Sanders* v. *Simmons,* 30 Ark. 274; *First National Bank* v. *Norris,* 113 Ark. 138. By analogy the rule is applicable to the instant case. Appellee was acting in a representative capacity. He received the fund in good faith and expended it for the purposes for which it had been appropriated before an appeal had been prosecuted from the judgment awarding it.

No error appearing, the judgment is affirmed.