McElroy *v.* Underwood.

Opinion delivered March 22, 1926.

1. Appeal and error—order vacating judgment—necessity of stipulation.—Crawford & Moses' Dig., § 2129, providing that on appeal from an order granting a new trial the appellant must stipulate that, if the order be affirmed, judgment absolute against himself shall be entered, has no application to an order vacating a judgment rendered at a former term of the court.

2. Judgment—vacation—unavoidable casualty.—On a petition to vacate a judgment rendered at a previous term, a finding that defendant was prevented by unavoidable casualty from appearing and defending was sustained by proof that defendant was misled by a statement of plaintiff's attorney that he was going to dismiss the action.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*D. H. Howell,* for appellant.

*E. L. Matlock* and *Starbird & Starbird,* for appellee.

Smith, J. Appellee filed in the Crawford Circuit Court a petition to vacate a judgment rendered against her at a former term of the court in a suit wherein the appellant here was the plaintiff. As ground therefor, appellee alleged in her petition that the cause was pending in the circuit court on the ............ day of December, 1923, at which time appellee's husband, who was representing her in the matter, had a conversation with plaintiff's attorney, in the course of which the attorney said he could not hear from the plaintiff, who would not write him the facts in the case, and that he could not go on with the case unless plaintiff would do so. Appellee's husband stated to the attorney that the suit had been brought only to annoy the defendant, and the attorney stated that the plaintiff did not answer his letters, and would not pay the retainer which he had demanded, and that he was going to drop the suit. This conversation, which was repeated to defendant by her husband, led her to believe that the suit would not be prosecuted, and, if so, that she would be advised of the fact. The attorney for the plaintiff frequently visited at the home of defendant, and she saw him on numerous occasions, and the attorney said nothing to her or to her husband about having changed his mind. She had a good and meritorious defense to the action, which was set out in her petition, and, relying on the representations made to her husband, she filed no answer, and did not know that a judgment had been rendered against her until after the final adjournment of the court for the term. The testimony of defendant and of her husband and that of another witness sustained the allegations of the petition.

The attorney for the plaintiff admitted that he had a conversation with the husband of defendant in which he stated that, if the retainer fee and court costs were not advanced, he would not prosecute the case, but he also testified that he later received a check from the plaintiff, and then advised defendant's husband of that fact, and told

him that, if he had a defense, he had better consult his attorney and have an answer filed, as the case would be for trial on its merits, and that, after this conversation and during the session of the court at which the judgment was rendered, he spoke to defendant's attorney, and advised him that a judgment would be taken if no answer was filed. The attorney referred to, who was called as a witness for plaintiff, did not deny that this conversation occurred, but he did not file an answer because he was not in possession of the necessary facts. The defendant's husband, in rebuttal, testified that he had spoken to the attorney he expected to employ if it became necessary to file an answer, but he had not perfected his arrangements with his attorney, and had not told him the facts upon which his wife based her defense, and that he did not do so because he had been led to believe by plaintiff's attorney that no action would be taken unless he was notified.

After hearing the testimony, the court found the fact to be "that there had been a mistake whereby the defendant was prevented from filing answer, and that the defendant has a good defense to the cause filed," and upon this finding it was ordered that the judgment be set aside, and the cause set down for a new trial, and the plaintiff has appealed from that order.

It is first insisted that the judgment of the court below vacating its former judgment should be affirmed, because the appellant has not stipulated that, if the order granting a new trial be affirmed, judgment absolute should be rendered against appellant, pursuant to § 2129, C. & M. Digest.

It was held, however, in the case of *Ayers v. Anderson-Tully Co.*, 89 Ark. 160, that the above statute has no application to an order vacating judgments rendered at a former term of the court, and this is a proceeding of that kind. The statute referred to does not apply for that reason.

In passing upon the question presented we must, of course, give to the testimony which tends to support the finding of the trial judge its highest probative value, and, when the testimony is thus viewed, we are unable to say that the court did not have the right, under § 6290, C. & M. Digest, to grant the relief prayed by setting aside the former judgment. There was such a misunderstanding as constituted unavoidable casualty or misfortune which prevented the defendant from appearing and defending. There is no room to suspect—and the lower court did not find—that plaintiff's attorney had intentionally misled the defendant, but the defendant and her husband, who was her representative in the matter, did testify that they were misled, and, because of that fact, had not arranged with the attorney they intended to employ to file an answer presenting a defense which, if true, would defeat a recovery, and had not furnished the attorney the information needed to prepare the answer.

The judgment of the court below must therefore be affirmed, and it is so ordered.