WRENN v. MANUFACTURERS' FURNITURE COMPANY.

Opinion delivered January 17, 1927.

JUDGMENT—VACATING DEFAULT JUDGMENT AFTER TERM.—Where one of plaintiff's attorneys agreed with defendant's attorney that the case should be continued and set down for a date to be approved by defendant's attorney, but subsequently another of plaintiff's attorneys, having no knowledge of this agreement, took judgment by default in the absence of defendant's attorney, who learned this

fact after the term had expired, the judgment was properly vacated at the next term of court.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris*, Judge; affirmed.

*Rogers, Barber & Henry*, for appellant.

*Abner McGehee*, for appellee.

MEHAFFY, J. The facts, as they appear from the pleadings, are substantially as follows:   The appellant, the plaintiff below, filed suit in the Pulaski Circuit Court against the defendant; the defendant filed answer, and depositions were taken by both parties. The attorney for defendant and a member of the firm of the attorneys for the plaintiff agreed that the case should be continued from time to time, and that the case would be set down subject to the convenience and approval of the attorney for the defendant. The attorney for defendant was absent from Little Rock from December 15 until after the 8th of January, except one day. Attorney for defendant received no notice of the setting of the case. The attorney for the plaintiff who had been handling the case, and the one with whom the agreement was made, was absent from the city the latter part of the year, and another member of the firm took charge of the case. It does not appear that this attorney had any knowledge of the agreement. The case had been set by the court for the 8th of January. Judgment by default was taken on said day. Attorney knew nothing of the judgment having been taken until some time in May, after the term of court at which the judgment was taken had adjourned. On June 1, defendant filed its petition to vacate and set aside the judgment, and on June 4 plaintiff filed his response. Defendant's petition states the facts, and that it had a good defense.

There does not seem to be any controversy about the facts, but, as stated in appellant's brief, the appeal is here on the simple proposition that the trial court had no right to set aside the judgment after the term. It does not appear that attorney for defendant was guilty of any negligence, and the fact that the judgment by

default was taken by a member of the firm other than the one with whom the agreement was had is immaterial.

This court has held that, where the sickness of the wife of an attorney is the cause of his failure to appear at court and give his attention to the case, this is not such neglect as should operate to the prejudice of his client. It was stated that the sickness of the attorney's wife was an unavoidable casualty excusing his nonattendance at the court. *Leaming* v. *McMillan,* 59 Ark. 162, 26 S. W. 820.

In a recent case, where a defendant relied on conversations and statements of attorney for plaintiff, this court said: "There was such a misunderstanding as constituted unavoidable casualty or misfortune which prevented the defendant from appearing and defending. There is no room to suspect—and the lower court did not find—that plaintiff's attorney had intentionally misled the defendant, but the defendant and her husband, who was her representative in the matter, did testify that they were misled, and, because of that fact, had not arranged with the attorney they intended to employ to file an answer presenting a defense which, if true, would defeat a recovery, and had not furnished the attorney the information needed to prepare the answer." *McElroy* v. *Underwood,* 170 Ark. 794, 281 S. W. 368.

We think that, while the attorney who took the default judgment knew nothing of the agreement, yet that the attorney for the defendant was misled, and the judgment of the circuit court is affirmed.