## SUPREME LODGE WOODMEN OF UNION *v.* JOHNSON.

### Opinion delivered May 20, 1929.

*H. K. Toney,* for appellant.

*J. D. Shackleford,* for appellee.

KIRBY, J. The question presented by this appeal for determination is whether error was committed by the trial court in refusing to vacate a judgment rendered in behalf of appellee on the 7th day of November, 1928.

Appellee brought suit against the appellant to recover $500 on a fraternal benefit certificate issued to one Margaret Medlock, in which he was named beneficiary.

Appellant's answer denied that the insured was a member of the order at the time of her death, and that she carried a policy in said order in that sum; denied any indebtedness to plaintiff, and alleged that Margaret Medlock carried a policy of insurance in the order for the sum of $215 at the time of her death, issued on the 30th day of October, 1926, and had been a member of the order at the time of her death for a period of less than one year. That the policy was on a graded plan or basis, and only $35.83 was due and payable thereon at the time of the insured's death, which sum was paid

to and accepted by the plaintiff on the 10th day of November, 1927, and that appellant had discharged all of its obligation in such payment. A copy of the policy was attached as an exhibit to the answer.

The case was set for trial on the 7th day of November, 1928, and called at 9 A. M. of that day, when plaintiff and his witnesses appeared, and, in the absence of appellant's attorney, proceeded with the trial and recovered judgment thereon. Appellant's attorney reached the court at 1:35 P. M. of that day, and, learning that judgment had been rendered in the cause, immediately filed a motion to vacate and set it aside, alleging that its attorney lived at Hot Springs, Arkansas, and left there at 6:30 on the morning of the 7th of November, 1928, the date set for the trial, in a practically new Dodge car, in good condition, with a competent and experienced driver, and that, because of the heavy rains that morning rendering defective the roads, his car stuck in the mud within 12 miles of Pine Bluff. That he had to have it pulled out with a team, and had to detour some 8 miles over a bad road under repair, and by way of Sheridan, and on that account was unable to reach the court until 1:35 P. M. on the day of the trial. In said motion, as a defense to the action, appellant offered to prove that the insured, Margaret Medlock, allowed her policy to lapse on the first Monday in October, 1926, for failure to pay a premium, and that she failed to pay premiums for the months of September and October, 1926, and then rejoined the Union in November, 1926, and was issued a new policy of insurance at the time, of the face value of $215 on the adequate rate plan, a copy of which was made an exhibit to the motion.

The affidavit of the chauffeur was also filed as an exhibit, and the testimony showed that the failure of appellant's attorney to arrive at the opening of court was due to the causes alleged in the motion, and that he was proceeding by the usual and customary method of transportation, and would have been on time but for the

accident resulting from the excessive rains and bad condition of the roads. There was testimony also tending to support the allegations of the answer and in support of the allegation of the defense set up in the motion.

On the 22d day of December the appellee filed a reply to the motion to vacate the judgment, alleging negligence of the appellant in not having his motion sooner passed on, but no proof was offered in support of the motion. On that day the court overruled the motion to vacate the judgment, appellant's exceptions were noted, and he filed a motion for a new trial within the time allowed, setting up as one of the grounds therefor the overruling of its motion to vacate the judgment. The motion for a new trial was overruled, and the case is here on appeal.

Appellant's motion to vacate and set aside the judgment because of the inability of its counsel to be present at the trial was filed immediately on the arrival of his attorney, showing a sufficient reason for his failure to appear. A valid defense to the cause of action was set up in the answer on file in the case, as well as in the motion to vacate the judgment, and proof was introduced in support thereof.

Under the circumstances of this case, we think the showing made was sufficient, and that the court should have granted the motion to vacate and given appellant an opportunity to try the cause upon its defense as alleged. There was certainly no negligence or delay of appellant in its filing a motion to vacate the judgment rendered in the absence of its counsel, without fault, and the court erred in not granting the motion. The court had inherent power, during the whole of the term at which the judgment complained of was rendered, and which remained subject to its plenary control, and could have been vacated, set aside, modified or annulled upon a proper showing made. *Wells Fargo & Co.* v. *Baker,* 107 Ark. 415, 155 S. W. 122; *Waldo* v. *Thweatt,* 64 Ark. 126, 40 S. W. 782.

For the error of the court in refusing to grant the motion to vacate and set aside the default judgment, its judgment is reversed, and the cause remanded for a new trial.