## QUIRLES *v.* SMITH.

### 4-2801

Opinion delivered January 23, 1933.

*C. T. Carpenter,* for appellant.

KIRBY, J. This appeal comes from a judgment of the circuit court refusing to vacate and set aside a default judgment rendered herein.

The case was begun in the justice court as a suit on a note with an attachment issued. An affidavit and bond for attachment were filed and a writ of replevin was issued, it seems. The case was transferred to the court of common pleas on motion of the defendant's attorney, who failed to appear for his clients, and the default judgment against them and their bondsmen was rendered but was not entered on the judgment record of that court. Their attorney, Kelley, filed a motion to vacate the judgment, but withdrew it and took an appeal to the circuit court.

There was no record of the proceeding and no judgment of the court of common pleas, no note or copy of it and no mortgage transmitted to the circuit court.

On December 21, 1931, the circuit court affirmed the judgment of the court of common pleas by default, it being alleged that no evidence was introduced there nor a copy of the note upon which suit was brought, no judgment or docket entries of the court of common pleas, and no evidence to support the attachment and fix the damages. The defendants and their bondsmen learned of the judgment and at the adjourned day of the court on February 19, 1932, presented their motion to vacate the default judgment, which the court overruled, and this appeal is prosecuted from that order.

The motion to vacate the judgment was filed on the 21st day of January, 1932, and heard by the court at an adjourned day of the regular term on February 19, 1932. It was alleged in the motion to vacate that the defendants had employed and paid an attorney to defend the suit, but that he failed to attend the trial or notify the defendants and judgment was taken against them by default. It was alleged that the judgment was void because rendered without evidence and was but an affirmance of the judgment of the common pleas court, where no judgment was in fact entered of record; and that the defendants and their bondsmen have a good defense for the following reasons:

"(a) That the property was never attached; (b) that the affidavit calls for attachment but no order of attachment was issued but an order of delivery in its stead; (c) that the property was never taken under the order of delivery; (d) that the property, if attached or taken, was not worth over $25."

The court was requested to make findings of law and fact, but refused to do so and overruled and denied the motion to vacate the judgment. Appellants gave notice to opposing counsel on March 15, 1932, that the motion for a new trial would be presented on the 16th day of March, the court having adjourned. The motion was overruled, and an appeal granted.

It is urged that the court erred in not setting aside the default judgment on the ground of unavoidable cas-

ualty because defendants' attorney, duly employed, failed to appear and represent them at the trial or notify them that he would not do so or had not done so. The motion to vacate or set aside the judgment, however, did not set up a meritorious defense so far as the original defendants were concerned, but only stated that they had such a defense and specified that the bondsmen were not liable because the property was never attached, but an order of delivery was issued therefor, and that if the property was attached or taken it was not of the value of more than $25.

One seeking relief from a default judgment on the ground of unavoidable casualty preventing defense to the action, as here, must allege and show that he has a meritorious defense, it being held in some cases that such defense must not only be alleged but a *prima facie* showing of merit made in order that the court may determine whether he was injured by not being permitted to have benefit of it. *Lambie* v. *Rawleigh and Co.*, 178 Ark. 1019, 14 S. W. (2d) 245; *Smith* v. *Globe-Rutgers Fire Ins. Co.*, 174 Ark. 346, 295 S. W. 388; *United Order of Good Samaritans* v. *Brooks,* 168 Ark. 570, 270 S. W. 955; *Minick* v. *Ramey,* 168 Ark. 180, 269 S. W. 565; *Supreme Lodge of Woodman of Union* v. *Johnson,* 179 Ark. 589, 17 S. W. (2d) 323.

A mere allegation of having a meritorious defense is not a sufficient showing of such defense as would warrant or require the granting of the relief sought.

There was no abuse of discretion in the court's holding, and the judgment will be affirmed. It is so ordered.