Union Savings Building & Loan Association *v*. Grayson.

4-3644

Opinion delivered December 17, 1934.

*J. S. Brooks* and *Fred L. Purcell,* for appellant.

*J. H. Lookadoo,* for appellee.

HUMPHREYS, J.   This is an appeal from a final order of the chancery court of Clark County vacating and setting aside a decree of foreclosure rendered by said court at a former term thereof by consent in favor of appellant against appellee on the ground that the consent decree of foreclosure was rendered under a misunderstanding between the parties which brought about an unavoidable casualty, which prevented appellee from presenting to the court the meritorious defense set up in the answer she had filed in the foreclosure proceeding.

The decree of foreclosure was set aside under the seventh subdivision of § 6290 of Crawford & Moses' Digest, which section and particular subdivision reads as follows:

"The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate such judgment or order:

\* \* \*

"Seventh.   For unavoidable casualty or misfortune preventing the party from appearing and defending."

The answer filed by appellee in the foreclosure proceeding contained a denial of the amount claimed to be due on the mortgage, specifically pleading that she had not been given credit for monthly payments that she had made and that she had been wrongfully charged with fines and penalties. This was an alleged meritorious defense. After the answer was filed, the foreclosure proceeding was continued from time to time until November 8, 1933, at which time the said consent decree was rendered. According to the undisputed evidence, said decree was rendered for the full amount claimed on condition that appellee should have the property, her home,

upon the payment of $3,000. J. H. Lookadoo, appellee's attorney, testified that after the agreement was made, he and appellant's attorney stated to the court that a decree for the full amount claimed might be entered with the understanding that appellee should have the property for $3,000 and that she should pay said amount when she had received a deed thereto. The decree contained a provision for the public sale of the property by a commissioner upon notice by publication and also provided for a report of the sale to the court for confirmation at a subsequent term of the court.

Prior to the time the agreement was made and consent decree entered, appellee applied for a loan in the Home Owners Loan Corporation. Subsequent to the entry of the consent decree, the loan was approved for the full amount claimed by appellant on its mortgage. When the approval of the loan by the officials of the Home Owners Loan Corporation was announced, or a short time thereafter, appellant demanded immediate payment of the $3,000 appellee had agreed to pay for the property, else it would declare the agreement void. This demand was made on the assertion that appellee had agreed to pay the amount of $3,000 immediately upon the rendition of the consent decree and to take an assignment of the note and mortgage. Appellee refused to pay said sum until she had received a commissioner's deed to the property. Appellant then proceeded to advertise the property and at the sale thereof bid it in for $3,500 notwithstanding appellee bid the amount of $3,000 together with interest since the date of the consent decree and such taxes as appellant had paid on same. The motion was then filed to set aside the consent decree with the result stated above.

The testimony was in conflict as to whether appellee was to pay $3,000 for the property immediately upon the rendition of the consent decree or when she received the commissioner's deed to the property. Appellee and her attorney testified that she was not to pay the amount agreed upon until after she had received the commissioner's deed. Grover S. Jernigan, who was in charge of the assets of appellant for liquidation, and Greely

Watson, ex-secretary and treasurer of appellant, testified that the amount of $3,000 was to be paid immediately upon the rendition of the consent decree. We are unable to say after reading the testimony carefully that the finding and order of the chancellor is contrary to the clear preponderance of the evidence. The chancellor having thus found, it was sufficient, under the seventh paragraph of § 6290 of Crawford & Moses' Digest, to enable him to find that a casualty or misfortune had prevented appellee from defending when she might and would have done so. *Wren* v. *Manufacturer's Furniture Co.*, 172 Ark. 599, 289 S. W. 769; *American Company of Arkansas* v. *Wilson*, 187 Ark. 625, 61 S. W. (2d) 453.

No error appearing, the order vacating the consent decree is affirmed.