CHRISTOPHER *v.* CHRISTOPHER.

4-8387                                                    207 S. W. 2d 718

Opinion delivered January 19, 1948.

Rehearing denied February 16, 1948.

*A. R. Cheatham,* for appellant.

*Keith & Clegg,* for appellee.

ED. F. McFADDIN, Justice. By this appeal, the appellants challenge the order of the chancery court of June 30, 1947, which set aside a default decree of February 3, 1947, and gave the original defendant an opportunity to defend the case on its merits.

Appellants (H. B. and F. D. Christopher) are the sons and only heirs at law of W. M. Christopher, who died on November 13, 1940. Appellee (Mattie Christopher) is the widow of W. M. Christopher, and the stepmother of appellants. On May 7, 1938, W. M. Christopher executed a deed to Mattie Christopher describing certain lands in Columbia county, Arkansas. The deed was recorded in March, 1941. On December 21, 1946, the sons (appellants here) filed complaint in the Columbia Chancery Court against the stepmother (appellee here), seeking to set aside the said deed executed by W. M. Christopher to Mattie Christopher. The complaint alleged that the grantor lacked mental capacity and was under the undue influence of the grantee.

Mattie Christopher lived in Little Rock, and was employed at the Apex Laundry. A deputy sheriff of Pulaski county served the summons on her on January 12, 1947. On May 19, 1947, this same deputy sheriff made an affidavit reading in part as follows:

" . . . I served a summons upon Mattie Christopher at the Apex Laundry on West Markham Street in Little Rock, Arkansas. At the time of service I was under the impression that the summons had been issued in a divorce suit in Magnolia, Arkansas, and so informed Mattie. She became excited and said she didn't have any husband and didn't want anything to do with the summons. She thereupon walked away from me and I was forced to leave the summons on a table there at the Apex Laundry.

"I am certain that Mattie Christopher was ignorant of the nature of the suit which was filed against her and I misinformed her at the time of service because I did not actually know the nature of the suit either.

"Mattie Christopher is a good woman, but is ignorant and excitable."

On January 15, 1947 (three days after the service), Mattie Christopher consulted a lawyer in Little Rock, who wrote a letter to an abstracter in Magnolia concerning the title to the lands. The Little Rock lawyer did not see the summons, and did not know of the suit. Mattie Christopher asked him "to find out something about what it was." On February 3, 1947,—and before the Little Rock lawyer learned of the pending litigation—a decree was rendered by the Columbia Chancery Court cancelling the deed from W. M. Christopher to Mattie Christopher. The decree recited default by Mattie Christopher, and the hearing of oral evidence to support the allegations of the complaint. As soon as the Little Rock lawyer learned of the decree, he notified Mattie Christopher; and she promptly employed her present counsel, who—at the same term of the chancery court— filed an unverified motion seeking to vacate the decree. This motion was not acted on by the court before the

term ended. Thereafter, and at a subsequent term, the motion was verified, and, with amendments, contains allegations sufficient to bring it within the purview of §§ 8246 and 8248, Pope's Digest.

On June 30, 1947, the Columbia Chancery Court heard the motion to vacate the decree of February 3, 1947. The hearing was partly on depositions and partly on evidence *ore tenus*—all of which is before us. At the conclusion of this hearing, the court set aside the decree of February 3, 1947, and gave Mattie Christopher 20 days in which to file her answer to the original complaint. This appeal—as first stated herein—is an attack on the order of June 30, 1947.

Of course, after the lapse of the term, Mattie Christopher could have the decree set aside (by the procedure here attempted) only by establishing one of the grounds stated in § 8246, Pope's Digest, and only by verifying her complaint and alleging a meritorious defense as provided in § 8248, Pope's Digest. As heretofore stated, she finally brought her pleadings within the legal requirements of these sections.

We have carefully studied the evidence, and are unable to say that the chancery court was in error. From all of the evidence in the record—which we do not lengthen this opinion by detailing—the chancery court could have found that Mattie Christopher was prevented by unavoidable casualty from making her defense. See *Columbia County* v. *England,* 151 Ark. 465, 236 S. W. 625; *McElroy* v. *Underwood,* 170 Ark. 794, 281 S. W. 368; *Supreme Lodge* v. *Johnson,* 179 Ark. 589, 17 S. W. 2d 323; *American Co.* v. *Wilson,* 187 Ark. 625, 61 S. W. 2d 453; *Kochtitzky* v. *Malvern Gravel Co.,* 192 Ark. 523, 92 S. W. 2d 385. We, therefore, reach the conclusion that the chancery court did not abuse its discretion in making the order here challenged.

Affirmed.