McAllester *v.* Koban.

4-8630                                214 S. W. 2d 500

Opinion delivered November 1, 1948.

Rehearing denied November 29, 1948.

*J. H. Carmichael, Jr., Josh W. McHughes* and *J. H. Carmichael, Sr.,* for appellant.

*O. D. Longstreth, Sr.,* for appellee.

WINE, J.   Under date of August 3, 1945, the appellants as "buyers" and the appellee as "seller" entered into a "purchasers' agreement" for the sale and pur-

chase of a certain lot with appurtenances thereunto belonging in the City of Little Rock. Thereafter, on the fourth day of September, 1946, upon complaint filed by appellee, a decree was rendered in the Chancery Court of Pulaski county in which said ''purchasers' agreement'' was cancelled, set aside and held for naught, divesting all right, title or interest claimed by the appellants by reason of said ''purchasers' agreement,'' and reinvesting the same in the appellee as of August 3, 1945, free and clear of any and all encumbrances that may have been placed against said property by the appellants without the knowledge, consent, or authority of the appellee.

Said decree restored complete possession of the premises to the appellee and restrained the appellants from trespassing upon the premises, and further awarded to the appellee the sum of $420 for twelve months past due rent and damages in the sum of $1,000 for injury to the premises and appurtenances thereto, making a total judgment in the sum of $1,420 plus interest at the rate of six per cent per annum from the date of the decree to the time of payment, together with all costs by reason of the proceedings.

Subsequent thereto, on the eighth day of December, 1947, upon motion of appellant, an order was entered in the same court modifying the decree by rescinding and setting aside the former money judgment in the sum of $1,420.

The appellants are here on direct appeal from the entire proceedings had in the Chancery Court on December 8, 1947, and the appellee is here on cross appeal from the said second order of the court rescinding that portion of the decree which awarded to appellee judgment in said sum of $1,420.

Under the terms of the original ''purchasers' agreement'' appellants were to pay for said lot and premises the aggregate sum of $3,000, payable $210 cash on the third day of February, 1946, to apply on principal and a like payment of principal on the third day of each succeeding sixth month thereafter, together with interest

at the rate of six per cent per annum, with the further provision that after maturity said indebtedness should bear interest at the rate of ten per cent per annum on any unpaid balance.

Said "purchasers' agreement" contained an acceleration clause and provided that time was of the essence of the contract and that after default, at the option of "seller" all sums previously paid were to be retained by the "seller" not as penalty, but as rent and that the relationship of the parties should become, and thereafter be, that of landlord and tenant at a monthly rental of $35.

Appellants soon fell into arrears. In fact, it was controverted whether or not appellants met the first installment due, but did during their occupancy, make substantial improvements to the property, the value of which appear to be far in excess of the rental value of the property during the time of appellants' occupancy. In any event under date of July 8, 1946, appellee, through his attorney, advised appellants by registered mail, return receipt requested, of his election under the terms of the "purchasers' agreement" to cancel and rescind said contract. On July 18, 1946, appellee caused a "Three Day Notice to Vacate" to be served on the appellants, their "tenants and employees," advising that upon failure of the appellants to heed said notice an action in court would be brought. While the date of filing is not shown in the record, it is assumed that appellee's complaint was filed in the Pulaski Chancery Court subsequent to the three-day notice to vacate and upon this complaint said decree was rendered September 4, 1946. On January 28, 1947, the appellants filed in the same court their motion to vacate the decree of September 4, 1946. On December 8, 1947, after due notice given the appellee, a hearing was had on said notice to vacate which resulted in the modification of the decree of September 4, 1946.

There is no contention that all parties were not properly before the court in person and by counsel at the time of the hearing on the motion to vacate which resulted in the order modifying the decree.

Stripped of all extrinsic matter, the only essential question to be determined by this court is whether the chancellor erred in entering the order rescinding and setting aside the money judgment awarded the appellee in the first decree. It is abundantly clear from the record that in August, 1946, appellants voluntarily abandoned and surrendered possession of the property in question and so advised the appellee by mail with these words and figures: ''Mr. A. R. Koban: This will inform you that I have abandoned your property at 3917 Asher Avenue, Little Rock, Arkansas, and have no intention of contesting your suit filed against me in the Pulaski Chancery Court. This notice effective as of ............ day of August, 1946. (Signed) Jesse J. McAllester, Illa Imogene McAllester.''

This notice, for all apparent purposes, terminated the relationship of vendor and vendee or of landlord and tenant between appellants and appellee. It is equally clear from the record that appellee had assured appellants that by his (appellee's) suit he sought only possession of the property and a cancellation of the contract previously entered into by the parties. This is borne out by the testimony of the appellant Jesse J. McAllester and by surrounding circumstances and actions of appellants, for the record reflects that appellants had advised with and dismissed able counsel shortly prior to the rendition of the first decree. Appellee, in his brief on cross appeal, earnestly insists that, the term of court at which the first decree was rendered having lapsed, the chancellor was without authority to vacate or modify said decree by the later order of December 8, 1947.

Section 8246 of Pope's Digest of the Statutes of Arkansas reads as follows:

''The court in which a judgment or final order has been rendered or made shall have power, after the expiration of the term, to vacate or modify such judgment or order . . .

''For fraud practiced by the successful party in the obtaining of the judgment or order . . .

"For unavoidable casualty or misfortune preventing the party from appearing or defending."

In the case of *McElroy* v. *Underwood,* 170 Ark. 794, 281 S. W. 368, this court said: "In passing upon the question presented we must, of course, give to the testimony which tends to support the finding of the trial judge its highest probative value, and, when the testimony is thus viewed, we are unable to say that the court did not have the right, under § 6290, Crawford & Moses' Digest (§ 8246, Pope's Digest of the Statutes of Arkansas) to grant the relief prayed by setting aside the former judgment. There was such a misunderstanding as constituted unavoidable casualty or misfortune which prevented the defendant from appearing and defending. There is no room to suspect—and the lower court did not find—that plaintiff's attorney had intentionally misled the defendant, but the defendant and her husband, who was her representative in the matter, did testify that they were misled, and, because of that fact, had not arranged with the attorney they intended to employ to file an answer presenting a defense which, if true, would defeat a recovery, and had not furnished the attorney the information needed to prepare the answer."

And a headnote of the more recent case of *Barringer* v. *Whitson,* 205 Ark. 260, 168 S. W. 2d 395, reads: *"Judgments—vacation of, for unavoidable casualty.* That appellee's attorney, in whom appellant had confidence for the reason that he had represented her husband in his lifetime visited her and told her that the suit pending against her amounted to nothing and that she need pay no further attention to it lulled her into a false sense of security the legal effect of which amounted to unavoidable casualty or misfortune which prevented her from appearing or defending."

While it is not suggested in this case that the attorney for the appellee made any affirmative promises to the appellant that no money judgment would be taken, it is noted in his original letter of July 8, 1946, addressed to the appellants, he advised them of appellee's election to rescind the contract, and closed with these words: "As

attorney for Mr. Koban, but a friend to both, I hope **that** you will see and understand that you have compelled **him** to take this step. (Signed) Albert Koban by O. D. Longstreth, His Attorney.''

It is undisputed that the appellee himself informed the appellants that he sought only possession of the property and that the appellants relied upon this statement of the appellee and were thereby lulled into a false sense of security believing that no monetary judgment would be taken against them.

Reviewing the entire case, we are of the opinion that the learned chancellor did not err in modifying the former decree, but on the contrary was eminently correct and did equity and justice to all parties in so doing, and that the proceedings in the chancery court were in all things correct, and should be and are affirmed.

It is so ordered.